PER CURIAM
Defendant was found guilty of a second degree murder he committed while 17 years old. After conducting a hearing pursuant to La.C.Cr.P. art. 878.1, the district *408 court sentenced defendant to life imprisonment at hard labor without parole eligibility. The court of appeal affirmed the conviction. State v. Boyd , 17-0014, p. 8 (La. App. 1 Cir. 9/15/17), 2017 WL 4082248 (unpub'd). However, the court of appeal identified as an error patent that defendant was sentenced within 24 hours of the denial of defendant's motions for new trial and postverdict judgment of acquittal in violation of La.C.Cr.P. art. 873's prohibition, "If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled." The court of appeal found that, because the district court was required to exercise discretion to determine whether defendant would receive parole eligibility, and because defendant moved to reconsider the sentence and complained of the sentence on appeal, the error required it to vacate the sentence and remand for resentencing.
However, La.C.Cr.P. art. 873 also provides: "If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." At the outset of the hearing here, the state offered the trial record into evidence with the proviso that it was doing so if defendant was prepared to go forward with the hearing. The defense responded that it had no objection to doing so. This sufficed to constitute an explicit waiver of the sentencing delay, as authorized by La.C.Cr.P. art. 873. Accordingly, we reverse the court of appeal, reinstate the sentence, and remand to the court of appeal to consider any pretermitted claims.
REVERSED AND REMANDED
GENOVESE, J., would deny.