STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2017 KA 0014R2


STATE OF LOUISIANA

VERSUS

BRANDON BOYD


Judgment Rendered: **SEP 2 5 2020**


Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 06-14-0783


Honorable Beau Higginbotham, Judge Presiding


\*\*\*\*\*\*\*\*\*\*\*\*\*


Hillar C. Moore, III
Cristopher J.M. Casler
Baton Rouge, LA

Counsel for Appellee,
State of Louisiana


Michael A. Fiser
Baton Rouge, LA

Counsel for Defendant/Appellant,
Brandon Boyd


\*\*\*\*\*\*\*\*\*\*\*\*\*


BEFORE: WHIPPLE, C.J., McDONALD, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

The defendant, Brandon Boyd, was charged by grand jury indictment with one count of second degree murder, a violation of LSA-R.S. 14:30.1. He pled not guilty and was subsequently found competent to stand trial. Following a trial by jury, he was found guilty as charged. The district court imposed a term of life imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence.

On appeal to this court, the defendant argued that the evidence was insufficient to support his conviction and that his sentence was excessive. State v. Boyd, 2017-0014 (La. App. 1st Cir. 9/15/17), 2017 WL 4082248, *1. On review, this court found that the evidence was sufficient, but pretermitted consideration of whether the defendant's sentence was excessive because we found the defendant had not expressly waived the twenty-four hour delay between sentencing and denial of his motions for new trial and post-verdict judgment of acquittal, as required by LSA-C.Cr.P. art. 873. Boyd, 2017 WL 4082248 at *3-*4. Accordingly, we affirmed the conviction, vacated the sentence, and remanded to the district court for resentencing. Boyd, 2017 WL 4082248 at *4.

On review, the Louisiana Supreme Court concluded that defendant explicitly waived the sentencing delay had occurred, and, therefore, reversed our previous opinion, reinstated the sentence, and remanded to this court for consideration of any pretermitted claims. State v. Boyd, 2017-1749 (La. 8/31/18), 251 So. 3d 407, 408 (per curiam). On initial remand, we affirmed the defendant's sentence. State v. Boyd, 2017-0014R (La. App. 1st Cir. 5/9/19), 2019 WL 2051932, *3.

Following the United States Supreme Court ruling in Ramos v. Louisiana, 590 U.S. __, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), the Louisiana Supreme

2

Court granted certiorari and again remanded this case to this court for further proceedings and to conduct a new error patent review in light of Ramos. State v. Boyd, 2019-00953 (La. 6/3/20), 296 So. 3d 1024, 1025 (per curiam). The Louisiana Supreme Court further instructed "[i]f the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. See La. C.Cr.P. art. 920(2)." Boyd, 296 So. 3d at 1025. For the following reasons, we vacate the conviction and sentence and remand to the district court.

## PATENT ERROR REVIEW

Louisiana Code of Criminal Procedure article 920(2) requires that all appeals be reviewed for errors patent on the face of the record. State v. Duhon, 2018-0593 (La. App. 1st Cir. 12/28/18), 270 So. 3d 597, 635, writ denied, 2019-0124 (La. 5/28/19), 273 So. 3d 315. A patent error is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." LSA-C.Cr.P. art. 920(2).

A review of the trial minutes in this case indicates that following the return of the verdict, the jurors were polled and ten jurors voted "[y]es – Guilty[,]" while two jurors voted "[n]o – Not guilty."

In Ramos, 590 U.S. at ___, 140 S. Ct. at 1397, the United States Supreme Court overruled Apodaca v. Oregon, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The Ramos Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts

3

whose cases are still pending on direct appeal. Ramos, 590 U.S. at ___, 140 S. Ct. at 1406. See also Schriro v. Summerlin, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); State v. Bennett, 2020-0028 (La. App. 1st Cir. 7/24/20), ___ So. 3d ___, 2020 WL 4250992; State v. Dearmas, 2019-1609 (La. App. 1st Cir. 7/24/20), ___ So. 3d ___, 2020 WL 4250862.

In the instant case, we note patent error in the nonunanimous verdict of guilty of second degree murder. Further, the nonunanimous verdict prejudiced the defendant and affected his substantial rights because it resulted in his conviction contrary to Ramos. See LSA-C.Cr.P. art. 921 ("[a] judgment . . . shall not be reversed by an appellate court because of any error, . . . which does not affect substantial rights of the accused."); cf. State v. Hilton, 99-1239 (La. App. 1st Cir. 3/31/00), 764 So. 2d 1027, 1038, writ denied, 2000-0958 (La. 3/9/01), 786 So. 2d 113. Accordingly, the defendant's conviction and sentence are vacated, and this case is remanded to the district court for further proceedings consistent with this opinion.

**CONVICTION AND SENTENCE VACATED; REMANDED.**